IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-69,470-02






EX PARTE RODRIGO HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. 2002-CR-8100 FROM THE


144TH JUDICIAL DISTRICT COURT OF BEXAR COUNTY





 Price, J., filed a dissenting statement in which Johnson, J., joined.


DISSENTING STATEMENT



 Although the applicant was tried after the United States Supreme Court issued its
ground-breaking opinion in Atkins v. Virginia, (1) the applicant's trial counsel did not attempt
to raise mental retardation as an issue at his capital murder trial. In his initial post-conviction
application for writ of habeas corpus filed under the auspices of Article 11.071 of the Texas
Code of Criminal Procedure, (2) the applicant again failed to raise mental retardation or to
challenge the competency of his trial counsel in failing to do so. Now, for the first time in
this subsequent post-conviction application for writ of habeas corpus, the applicant argues
that he cannot be lawfully executed because of his mental retardation and because his trial
counsel rendered ineffective assistance of counsel at the punishment phase of his capital
murder trial in failing to conduct a meaningful investigation into his mental retardation. 
Today the Court dismisses both claims because they could have been, but were not, raised
in the initial writ application and thus cannot be entertained in a subsequent writ application. (3) 
The Court additionally dismisses the applicant's substantive claim of mental retardation for
failing to satisfy the rigorous standard we set out in Ex parte Blue. (4) Because I would at least
entertain the applicant's ineffective assistance of trial counsel claim, I dissent to the Court's
refusal to stay the applicant's execution.

 Although each claim could indeed have been included in the initial post-conviction
writ application that applicant's initial state habeas counsel filed, the applicant's subsequent
habeas counsel has now proffered substantial evidence to show that initial state habeas
counsel failed to conduct any meaningful investigation into those claims. (5) The applicant's
subsequent habeas counsel also proffers substantial evidence to show that, had initial state
habeas counsel conducted an investigation, he could have produced a fairly convincing claim
that the applicant is mentally retarded. (6) The applicant now argues that the ineffectiveness
of his initial state habeas counsel's assistance in demonstrating both his mental retardation
and the ineffectiveness of his trial counsel for not establishing mental retardation at the
punishment phase of trial should count as sufficient justification for allowing him to pursue
those claims in his subsequent writ application. Alternatively, he argues that this Court
should at least stay his execution pending resolution of litigation currently pending in the
United States Supreme Court that should be decided imminently and may shed substantial
light on this question.

 I agree. On October 4th of last year, the United States Supreme Court heard oral
argument in Martinez v. Ryan. (7) There, the Supreme Court is considering whether a post-conviction habeas corpus applicant ought to be regarded as constitutionally entitled to the
effective assistance of initial state habeas counsel at least with respect to claims that may
only be raised for the first time in the habeas corpus forum. (8) Since granting review in
Martinez, the Supreme Court has stayed the execution of several condemned Texas inmates
who argued, as does the applicant today, that the ineffectiveness of initial state habeas
counsel with respect to an issue that may be raised for the first time only in a post-conviction
application for writ of habeas corpus proceeding ought to justify allowing the inmate to raise
that issue for the first time in a subsequent writ application. (9) I do not know whether the
Supreme Court will regard it as prudent to stay the applicant's execution in light of Martinez,
Balentine, and Foster, but I do not think that this Court ought to tolerate allowing the
applicant's execution to proceed without knowing how the Supreme Court will ultimately
dispose of the issues raised in those cases. For reasons already expressed in my dissenting
statements in Ex parte Foster, (10) Ex parte Balentine, (11) the second Ex parte Foster, (12) and, most
recently, Ex parte Garcia, (13) and because this Court refuses even to grant the applicant's
motion for stay of execution pending the Supreme Court's dispositions of Martinez,
Balentine, and Foster, I once again find myself dissenting.


FILED: January 23, 2012

DO NOT PUBLISH
1. 536 U.S. 304 (2002).
2. Tex Code Crim. Proc. art. 11.071.
3. Id. § 5(a)(1).
4. 230 S.W.3d 151 (Tex. Crim. App. 2007).
5. Initial state habeas counsel's vouchers for work done on the original post-conviction
application seem to indicate that he conducted no investigation whatsoever beyond reading the
appellate record, reviewing the appellate briefs and opinion, and perusing trial counsels' files.
6. Current habeas counsel's expert, a clinical psychologist, reviewed the applicant's available
school records and conducted two IQ tests, including the Wechsler Adult Scale of
Intelligence-Fourth Edition (full scale IQ score of 57), as well as a standardized measure for
assessing adaptive deficits, the Adaptive Behavior Assessment System-Second Edition. The
applicant scored lower than the required two standard deviations below the norm in all of these
instruments, and the fact that he exhibited scholastic difficulties well before he turned 18 led the
applicant's expert to conclude that his mental retardation had already manifested by that time.
7. 131 S.Ct. 2960 (2011). Just this past Wednesday, the Supreme Court decided another case
that was argued on the same day it heard oral argument in Martinez. See Maples v. Thomas, ___
S.Ct. ___, 2012 WL 125438 (U.S. Jan. 18, 2012). There is no reason to think that the Supreme
Court will not decide Martinez in the very near future. Should Martinez be decided in such a way
as to definitively obviate the applicant's current contentions, the trial court can set another execution
date as early as the thirty-first day thereafter. Tex. Code Crim. Proc. art. 43.141(c).
8. The question presented in Martinez is: "Whether a defendant in a state criminal case who
is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial
counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has
a federal constitutional right to effective assistance of first post-conviction counsel specifically with
respect to his ineffective-assistance-of-trial-counsel claim." Martinez v. Ryan, 2011 WL 3467246,
at i (Appellate Brief) (U.S. Aug. 4, 2011). While defendants in criminal cases in Texas are not
absolutely prohibited by law from challenging the effectiveness of their trial counsel on direct
appeal, such claims typically call for extensive factual development beyond what is disclosed in the
appellate record, and thus, as a practical matter, post-conviction habeas corpus is the first opportunity
to raise them. Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).
9. See Balentine v. Texas, 131 S.Ct. 3017 (2011); Foster v. Texas, __ S.Ct. __, 2011 WL
4360018 (2011).
10. 2010 WL 5600129, WR-65,799-02 (Tex. Crim. App. delivered Dec. 30, 2010) (not
designated for publication) (Dissenting Statement of Price, J., joined by Holcomb, J.).
11. WR-54,071-03 (Tex. Crim. App. delivered June 14, 2011) (not designated for publication)
(Dissenting Statement of Price, J., joined by Johnson & Alcala, JJ.).
12. 2011 WL 4071983, WR-65,799-03 (Tex. Crim. App. delivered Sept. 12, 2011) (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack, J.).
13. 2011 WL 5189081, WR-66,977-02 (Tex. Crim. App. delivered Oct. 27, 2011) (not
designated for publication) (Dissenting Statement of Price, J., joined by Womack and Johnson, JJ.).